John P. Ferria
vs.
Charles F Brooks et al.

No. 89911.

July 25, 1933.

CAPOTOSTO, J. The plaintiff claims to have sustained injuries by slipping on a defective wooden floor on defendant's premises. The jury returned a verdict for him in the sum of $1477.50. The defendant is satisfied with the verdict, but the plaintiff asks for a new trial on the ground of inadequate damages.

The accident happened in a small hallway leading from Federal street, in the City of Providence, to the kitchen of Brooks Restaurant. There is a small step about 7¼ inches high from the hallway to the kitchen floor. The floor level of the hallway from about eight to ten inches of the step slopes towards the entrance to the kitchen, on which side it is worn down about one and one-half inches. Some few nail heads are either exposed or worn smooth in this area.

The plaintiff is a truck driver for J. H. Preston & Co. He had delivered fruit and produce at this very place for some six or seven months prior to the day in question. He admitted that he had noticed that the floor and step were worn shortly after he began to make deliveries. March 28, 1932, was a stormy day. The hallway was wet from the rain. On that morning, the plaintiff stopped to deliver a box containing a bag of potatoes, one-half bushel of carrots and ten pounds of

peppers. He testified that he held the street door open with his elbow as he entered the hallway; that he held the box to one side so that he could see ahead of him; that he looked ahead because he knew the defective condition of the floor; that when he was about eight inches from the kitchen-step, his "left foot gave way" under him, and that he landed in the kitchen in a sitting position, with his back against the step and with the box, which he was still holding, in front of him. He suffered a fracture of both bones of the left leg, the larger bone near the ankle and the smaller bone near the knee.

The plaintiff was in the Rhode Island Hospital from March 28 to June 24, 1932. For some time thereafter he was treated as an out-patient. He went back to work December 12 of that year. His pay was $23 a week. During the time of his disability, the plaintiff received $777.58 through his employer under the Workmen's Compensation Act, with an agreement to refund this amount to the insurer in case he recovered a larger sum from any person liable at common law. The jury's award in effect gives the plaintiff his whole salary for the period of illness plus medical and hospital bills.

The case is one of probable cause. Nowhere in the record is there a single word as to what actually caused him to fall. The plaintiff himself said that his leg "gave way" under him, while a witness, who testified by deposition, stated that the plaintiff slipped before he got to the edge of the step; that he did not know where the plaintiff's foot was when he slipped; that at the time he was walking in a perfectly normal way, and that there was nothing but moisture on the floor after the accident.

While the question of permitting the floor to remain in that condition may be a debatable proposition open to different conclusions, yet the plaintiff's own statement and that of his witness fail to prove that the condition complained of was in fact the proximate cause of his misfortune. To sustain the plaintiff's contention on the evidence as given, one would have to discard every other reasonable hypothesis and say that because the floor was worn at or in the vicinity of where he fell, therefore the condition of the floor was the proximate cause for his foot giving way under him. An unbalanced load, or a wet floor, or both, may just as reasonably explain why his foot gave way.

It was with some hesitation and out of extreme caution that the Court permitted the case to go to the jury. It appreciates that the verdict makes no allowance for pain and suffering, or for consequential results, if any. In substance, it is a sympathetic verdict. However, mere inadequacy of damages does not establish the right to a new trial unless liability is established. The Court cannot shut its eyes to the plain admonition given in the case of *Del Ponte* vs. *Giannessi*, 51 R. I. 27. All in all, the Court believes that the plaintiff was fortunate in having his case, such as it was, so ably presented by counsel to the jury as to receive the verdict which he did.

Motion for new trial denied.

For plaintiff: Messrs. Hogan & Hogan.

For defendants: Sherwood & Clifford.